815 F.2d 705
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra Kay NATALI, Plaintiff-Appellant,
v.
CLEVELAND STEEL CONTAINER CORPORATION, Defendant-Appellee.
 No. 86-3444.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1987.
 
 Before ENGEL and GUY, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 From October, 1981 through March, 1982 Plaintiff-appellant Sandra Kay Natali, an unemployed female, repeatedly sought employment as a laborer at Cleveland Steel Container Corporation's facility in Niles, Ohio (CSC). Natali was told that no applications were being accepted. Finally on April 16, 1982 Natali received and submitted an application to CSC. Upon learning that CSC had hired six male laborers during that same six-month period, Natali filed a charge with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC) against CSC, alleging that she was denied employment because of her sex. In June, 1982 Natali entered into a settlement agreement with CSC. In summary, CSC agreed to keep an application from Natali on file and agreed to consider her for all job openings for which she was qualified. In return, Natali agreed not to institute a lawsuit based on the 1982 discrimination charge.
 
 
 2
 During the following several months CSC hired three male laborers for positions for which Natali was eligible. Natali was not interviewed or hired for these positions. On September 8, 1982 Natali filed a second charge of sex discrimination with the OCRC and the EEOC against CSC. Natali subsequently received her right to sue letter and filed a complaint in district court. CSC moved for summary judgment on the grounds that (1) a previous settlement agreement barred Natali's action and (2) no discrimination had taken place. The district court found that the action was barred by the June, 1982 settlement agreement only as to pre-settlement conduct. The court further found no evidence in the record of an improper motive on the part of CSC and, therefore, granted CSC's motion for summary judgment. Neither party contests the district court's finding regarding the scope of the settlement agreement. Natali appeals the granting of summary judgment in favor of CSC on the issue of discriminatory intent in the post-agreement hires.
 
 
 3
 This court has on many occasions expressed its hesitancy in affirming the grant of summary judgment in Title VII actions that require resolution of questions of intent or motive. See, e.g., Leonard v. Frankfort Elec. and Water Plant Bd., 752 F.2d 189, 194 (6th Cir. 1985) (finding questions of intent or motive particularly ill-suited for disposition on summary judgment). In the present case, however, we find that summary judgment is mandated according to the plain langauge of Fed. R. Civ. P. 56(c), and when, after adequate time for discovery, a party has failed to make a showing sufficient to establish the existence of an essential element of its case. See Celotex Corp. v, Catrett, 106 S.Ct. 2548, 2552-53 (1986). In this case Natali has failed to offer evidence to establish the element of discriminatory intent.
 
 
 4
 CSC has conceded that Natali has made out a prima facie case of discrimination under the standards set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). According to Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981), the defendant must then "produc[e] evidence that the plaintiff was rejected, or some one else was preferred, for a legitimate, non-discriminatory reason." CSC has articulated and supported an assertion that Natali was passed over due to her lack of qualifications in comparison with the three male applicants, who all had much stronger qualifications. Natali's application reveals that she had a ninth grade education with only eleven weeks of work experience. CSC has also pointed out that her application contained several misspellings and mistakes. In contrast, two of the three males who were hired were rehires with proven records at CSC; all three had graduated from high school and had significant and lengthy work experience. The positive experiential factors favoring the three male hirees, coupled with the negative aspects of Natali's application support CSC's claim of no discriminatory intent as to the hiring of the male laborers.
 
 
 5
 Even when construing the evidence in its most favorable light in favor of the party opposing the motion, we find that Natali has offered no evidence from the record to support the notion that a genuine issue of material fact exists regarding discriminatory intent. Certainly adequate time was allowed for discovery; the record in this case was fully developed over a period of two years. Natali has submitted an affidavit by her attorney stating that one of CSC's employees told her and, also on a separate occasion, told another third party that George Edenfield, a CSC vice president, had remarked that he would not hire a woman laborer. Natali has offered this affidavit in an attempt to demonstrate by direct evidence the existence of anti-female animus in this traditionally male-dominated workplace. The employee who allegedly heard the remark by Edenfield, however, has subsequently recanted. Natali is left with only conclusory allegations to rebut the persuasive evidence of CSC's legitimate, justifiable business decision to choose some applicants over another.
 
 
 6
 We find no evidence of an improper motive on the part of CSC in the record. Therefore, we hold that summary judgment was properly granted by the district court.
 
 
 7
 The summary judgment of the district court is affirmed.